**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION**

| | |
|---|---|
| MICHAEL MESSIAH, | Case No. 1:19-cv-35 |
| Plaintiff, | |
| | Dlott, J. |
| vs. | Bowman, M.J. |
| HAMILTON COUNTY CHILD SUPPORT ENFORCEMENT AGENCY, *et al.*, | |
| Defendants. | |

**REPORT AND RECOMMENDATION**

This civil action is now before the Court on Defendants' motions to dismiss (Docs. 8, 12) and the parties' responsive memoranda (Docs. 16, 18, 19). Also before the Court is Plaintiff's motion for a temporary restraining order. (Doc. 4). The motions will be addressed in turn.

**I.    Background and Facts**

Plaintiff filed the instant action against the Hamilton County Child Support Enforcement Agency and the State of Ohio. (Doc. 1 at 1). It appears that Plaintiff is complaining about a child support order and a paternity determination. In his Complaint, Plaintiff claims CSEA violated his due process and equal protection rights under the 14th Amendment. Additionally, Plaintiff alleges CSEA violated his due process under the Omnibus Budget Reconciliation Act of 1993 and also appears to be bringing his complaint pursuant to 42 U.S.C. § 1983. Id. at 3. Plaintiff's Civil Cover Sheet states that he is also relying on 18 U.S.C. §§ 241 and 242 (Doc. 1- 1). Plaintiff seeks to have this Court dismiss the child support order that has been issued against him.

**II.    Analysis**

*A.    Motions to Dismiss*

A motion to dismiss pursuant to Rule 12(b)(6) operates to test the sufficiency of the claims. The court is required to construe the complaint in the light most favorable to the Plaintiff, and accept all well-pleaded factual allegations in the complaint as true. *See Scheuer v. Rhodes*, 416 U.S. 232, 236, 94 S.Ct. 1683, 40 L.Ed.2d 90 (1974) and *Lewis v. ACB Business Services*, 135 F.3d 389, 405 (6th Cir. 1998). A court, however, will not accept conclusions of law or unwarranted inferences which are presented as factual allegations. *Blackburn v. Fisk University*, 443 F.2d 121, 124 (6th Cir. 1974). A complaint must contain either direct or reasonable inferential allegations that support all material elements necessary to sustain a recovery under some viable legal theory. *Lewis v. ACB*, 135 F.3d at 405 (internal citations omitted). "While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007) (citations omitted); *Association of Cleveland Fire Fighters v. City of Cleveland*, Ohio, 502 F.3d 545, 548 (6th Cir. 2007). Even though a complaint need not contain "detailed" factual allegations, its "[f]actual allegations must be enough to raise a right to relief above the speculative level on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Id.* (citations omitted).

*1. State of Ohio*

The State of Ohio seeks dismissal of Plaintiff's claims based upon lack of subject matter jurisdiction. The State contends that it is absolutely immune from this suit, and therefore Plaintiff has failed to state a claim for relief. The undersigned agrees.

The Eleventh Amendment "bars all suits, whether for injunctive, declaratory or monetary relief" brought by individuals against a State. *McCormick v. Miami Univ.,* 693 F.3d 654, 661 (6th Cir. 2012) (quotations omitted). Such immunity applies unless a state has consented to suit or Congress has clearly expressed its intent to abrogate immunity. *Latham v. Office of Atty. Gen. of State of Ohio*, 395 F.3d 261, 270 (6th Cir. 2005).

Here, the State has not consented to suit in this case, and Plaintiff fails to identify any way in which Congress has abrogated sovereign immunity relevant to his claims. See *Cartwright v. Garner*, 751 F.3d 752, 760 (6th Cir. 2014) (placing the burden on Plaintiff to prove jurisdiction). Indeed, the Supreme Court has explicitly stated that there is no exception to Eleventh Immunity for claims brought under § 1983. *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 66 (1989) ("Section 1983 provides a federal forum to remedy many deprivations of civil liberties, but it does not provide a federal forum for litigants who seek a remedy against a State for alleged deprivations of civil liberties.").

In the alternative, even if this Court had jurisdiction (which it does not), Plaintiff's complaint also fails to state a claim upon which relief may be granted against the State of Ohio. (Doc. 9). In this regard, the State of Ohio argues that a State is not a "person," and therefore, cannot be subject to liability under § 1983 and cannot be charged with a criminal offense under §§ 241 or 242. *See, e.g., McKenna v. Bowling Green State Univ.*,

3

568 F. App'x 450, 456 (6th Cir. 2014) (noting that a State is not a "'person' subject to suit under § 1983" *(citing Will v. Mich. Dep't of State Police*, 491 U.S. 58, 64 (1989))). Additionally, Section 242 involves a deprivation of rights based on someone's race or ethnicity, but Plaintiff makes no such allegations in his complaint. With regard to the "Omnibus Budget Reconciliation Act of 1993," Plaintiff has not identified any provision of that bill that the State has allegedly violated. *Id.*

In light of the foregoing, Plaintiff's claims against the State of Ohio are properly dismissed pursuant to Rule 12 of the Federal Rules of Civil Procedure. Accordingly, Defendant's motion to dismiss (Doc. 8) is well-taken and should be granted.

   2.   *Hamilton County Child Support Enforcement Agency (CSEA)*

On June 6th, 2016, Plaintiff signed an acknowledgement of paternity affidavit. Plaintiff did not raise any issue with his acknowledgment of paternity until Hamilton County Child Support Enforcement Agency (hereafter known as "CSEA") sent him a "Notice of Administrative Hearing to Establish a Support Order" on October 22, 2018. The administrative hearing was set for January 23, 2019. Plaintiff filed the instant action on January 14, 2019. Plaintiff claims CSEA violated his due process and equal protection rights under the 14th Amendment. Additionally, Plaintiff alleges CSEA violated his due process under the Omnibus Budget Reconciliation Act of 1993. CSEA argues that Plaintiff's complaint fails to state a claim for relief against it. The undersigned agrees.

CSEA argues first that it is not sui juris and therefore cannot be sued. Notably, Ohio law limits when a state governmental agency may be sued. If a county has adopted a charter or an alternative form of government, it may sue and be sued. O.R.C.

301.22. Otherwise, a county may be sued through its board of commissioners. O.R.C. 305.12. Furthermore, it has been recognized that these provisions of Ohio law result in county agencies lacking the ability to sue or be sued. *Lowe v. Hamilton Cty. Dep't of Job & Family Servs.*, No. 1:05CV117, 2008 WL 816669, at *2 (S.D. Ohio Mar. 26, 2008). Hamilton County has not adopted a charter or alternative form of government under O.R.C. 301.22. Therefore, CSEA argues that neither Hamilton County nor CSEA is a "person" or legal entity capable of being sued. See *Jones v. State*, 2015, WL 5562309 (S.D. Ohio 2015) (recognizing that both the Montgomery County Job and Family Services and Montgomery County's CSEA are not sui juris), report and recommendation adopted in *Jones v. Dewine*, 2015 WL 5999363 (S.D. Ohio 2015)

CSEA further argues that *Younger* abstention may apply to prohibit or stay Plaintiff's case. Based on the abstention doctrine adopted by the Supreme Court in *Younger v. Harris*, 401 U.S. 37 (1971), this Court should dismiss the present action or, in the alternative, issue a stay pending final resolution of the ongoing proceedings in state court. A federal court must abstain from interfering in state court proceedings if "(1) state proceedings are on-going; (2) the state proceedings implicate important state interests; and (3) the state proceedings afford an adequate opportunity to raise federal questions." *Lenard v. City of Cleveland*, 2017 WL 2832903 at *4 (N.D. Ohio 2017), *citing Middlesex Cty. Ethics Comm. v. Garden State Bar Ass'n*, 457 U.S. 423, 432, 102 S. Ct. 2515, 2521, 73 L. Ed. 2d 116 (1982).

A hearing to determine the amount of child support the Plaintiff owes is an administrative court proceeding. O.R.C. 3111.80. Here, pursuant to R.C. 3111.84, "the mother or father of a child who is the subject of an administrative support order may

object to the order by bringing an action for the payment of support and provision for the child's health care under section 2151.231 of the Revised Code in the juvenile court or other court with jurisdiction under section 2101.022 or 2301.03 of the Revised Code of the county in which the child support enforcement agency that employs the administrative officer is located." Additionally, child welfare and protection is an unequivocally important state interest. *Meyers v. Franklin Cty. Court of Common Pleas*, 23 F. App'x 201, 204 (6th Cir. 2001).

Here, the child support hearing is currently on-going. The original hearing scheduled for January 23, 2019 has been continued. Accordingly, this Court may not interfere with Plaintiff's on-going state child support proceeding. As such, CSEA's motion to dismiss is well-taken and should be granted.

### B. Plaintiff's motion for TRO

Plaintiff seeks a temporary restraining order from this court to stay the proceedings in state court until the disposition of the instant action. Plaintiff's request is not well-taken.

"A preliminary injunction is an extraordinary remedy designed to preserve the relative positions of the parties until a trial on the merits can be held." *Tenn. Scrap Recyclers Ass'n v. Bredesen*, 556 F.3d 442, 447 (6th Cir. 2009) (emphasis added). An injunction decree should not be granted routinely. *Weinberger v. Romero-Barcelo*, 456 U.S. 305, 102 S.Ct. 1798, 72 L.Ed.2d 91 (1982). "The decision to grant or deny a preliminary injunction is within the sound judicial discretion of the trial court*." Mt. Clemens v. U.S. Env't Prot. Agency*, 917 F.2d 908, 914 (6th Cir. 1990) (quoting *Tyson Foods, Inc. v. McReynolds*, 865 F.2d 99, 101 (6th Cir. 1989)).

In exercising its discretion with respect to a motion for a preliminary injunction, a district court must consider four factors: (1) whether the movant has a strong likelihood of success on the merits; (2) whether the movant would suffer irreparable injury without the injunction; (3) whether issuance of the injunction would cause substantial harm to others; and (4) whether the public interest would be served by issuance of the injunction. *Rock & Roll Hall of Fame & Museum, Inc. v. Gentile Prods.*, 134 F.3d 749, 753 (6th Cir. 1998). In the Sixth Circuit, these four factors are to be balanced and are not prerequisites that must be met. Thus, a district court is not required to make specific findings concerning each of the four factors used in determining a motion for preliminary injunction if fewer factors are dispositive of the issue. *Donaldson v. United States*, 86 F. App'x 902, 903 (6th Cir. 2004).

Here, Plaintiff has failed to establish the necessary elements for injunctive relief. The record fails to establish a likelihood of success on the merits. Plaintiff has made no attempt to support his claims with any factual evidence. Likewise, he has failed to establish that he will suffer irreparable harm absent injunctive relief. Again, he fails to support his conclusory allegations of irreparable harm with factual evidence. In light of the foregoing and in consideration of the relevant factors, the undersigned concludes that Plaintiff's motion lacks merit and is not well-taken.

### III. Conclusion

Based on the foregoing, it is therefore **RECOMMENDED** that Defendants' motions to dismiss (Docs. 8, 12) be **GRANTED**; Plaintiff's motion for a preliminary injunction (Doc. 4) be **DENIED** and this case be **CLOSED**.

*s/Stephanie K. Bowman*
Stephanie K. Bowman
United States Magistrate Judge

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION

| | |
|---|---|
| MICHAEL MESSIAH, | Case No. 1:19-cv-35 |
| Plaintiff, | |
| | Dlott, J. |
| vs. | Bowman, M.J. |
| HAMILTON COUNTY CHILD SUPPORT ENFORCEMENT AGENCY, *et al.,* | |
| Defendants. | |

## NOTICE

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to this Report & Recommendation ("R&R") within **FOURTEEN (14) DAYS** after being served with a copy thereof. That period may be extended further by the Court on timely motion by either side for an extension of time. All objections shall specify the portion(s) of the R&R objected to, and shall be accompanied by a memorandum of law in support of the objections. A party shall respond to an opponent's objections within **FOURTEEN DAYS** after being served with a copy of those objections. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See Thomas v. Arn,* 474 U.S. 140 (1985); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981).